UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMIR AYUB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-01635-SEB-MJD |
| ) | |
| RAJESH DEWAN, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Assistance with Recruiting Counsel. [Dkt. 7.] For the reasons set forth below, the motion is **DENIED**.

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

> Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so," and (2) "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"

*Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)). These questions require an individualized assessment of Plaintiff, the claims, and the stage of litigation.

      As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Plaintiff's motion reflects that he has contacted several lawyers seeking representation. For purposes of the instant motion, Plaintiff has demonstrated to the satisfaction of the Court that he has been unable to retain counsel in this matter. However, in light of the Court's decision, and given the fact that there are a substantial number of attorneys who practice employment discrimination law in this District, Plaintiff is encouraged to continue his search for counsel.

      To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury [herself].'" *Olson*, 750 F.3d at 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation.

      The Complaint in this matter articulates relatively straightforward employment discrimination claims. It is unlikely that expert testimony will be required. The factual matters at issue appear to be relatively finite and the need for extensive discovery is unlikely. Plaintiff is highly educated—he has a medical degree—and reports that has no physical or mental health issues that would impede his ability to litigate his case. While Plaintiff notes that he is a medical professional, not a lawyer, that simply means that he faces the same challenges of educating himself about the law as all litigants proceeding pro se.

Given the massive amount of pro se litigation, it is simply impossible to recruit pro bono counsel for each of these cases. Because Plaintiff appears to be fully capable of representing his own interests at this juncture of this litigation, Plaintiff's Motion for Assistance with Recruiting Counsel, [Dkt. 7], is **DENIED**.

SO ORDERED.

Dated: 10 OCT 2024

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Amir Ayub
8764 Rhone Terrace
Apt. 1C
Indianapolis, IN 46250

All ECF-registered counsel of record via email