UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMIR AYUB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:24-cv-01635-SEB-MJD |
| | ) |
| RAJESH DEWAN, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PENDING MOTIONS**

Now before the Court are Plaintiff's Motion for Summary Judgment [Dkt. 22] and Motion for Court Assistance [Dkt. 28] and Defendant's Motion for Summary Judgment [Dkt. 23]. Plaintiff Amir Ayub, proceeding *pro se*, brings this action against Defendant Rajesh Dewan, alleging that, while he was employed by Mr. Dewan, Mr. Dewan discriminated against him and created a hostile work environment based on his religion in violation of Title VII of the Civil Rights Act of 1964 and 22 U.S.C. § 6401. Mr. Dewan argues that he is entitled to dismissal of this action because he is not Mr. Ayub's employer, and, even if he were, Mr. Ayub's claims are time-barred.

For the reasons detailed below, we GRANT Defendant's Motion for Summary Judgment, DENY Plaintiff's Motion for Summary Judgment, and DENY AS MOOT Plaintiff's Motion for Court Assistance.

**Factual Background**

Mr. Ayub alleges that he worked for Mr. Dewan in his gas station located on Allisonville Road in Indianapolis, Indiana, from 2017 through September 22, 2022.

Compl. at 5. Mr. Ayub claims that, "from 2020, onwards," Mr. Dewan prevented him from praying, worshiping, and visiting the mosque for Friday prayers, used abusive language towards him and his religion, humiliated him in front of customers, and took unauthorized deductions from his salary. *Id.* Finally, Mr. Ayub alleges that, on September 10, 2021, Mr. Dewan called Mr. Ayub into his office, showed Mr. Ayub pornography, and attempted to send pornographic images to Mr. Ayub's mobile phone. *Id.*

Mr. Dewan denies personally employing Mr. Ayub and has submitted payroll records indicating that Mr. Ayub was instead employed by Dewan, Inc., a company incorporated by Mr. Dewan. *See* Dkt. 24-1. In Mr. Ayub's unsworn response to Mr. Dewan's motion for summary judgment, he states that he was never offered employment by or signed an employment agreement with Dewan, Inc., that he referred to Mr. Dewan as his employer in his dealings with customers and vendors without objection from Mr. Dewan, and that the paychecks he received always had Mr. Dewan's signature. Dkt. 27 at 2.

It is not clear the date on which Mr. Ayub filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), but the EEOC issued a notice of right to sue letter on January 3, 2024, informing Mr. Ayub that it was closing his charge because it "was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge," and that, if he chose to file a lawsuit, "**your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.**" Dkt. 24-1 at 107. Mr. Ayub filed his complaint against Mr. Dewan on

September 19, 2024, approximately 260 days after the notice of right to sue letter was issued.

## Legal Analysis

I.   **Summary Judgment Standard**

Summary judgment is appropriate where there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must grant a motion for summary judgment if it appears that no reasonable trier of fact could find in favor of the nonmovant on the basis of the designated admissible evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). We neither weigh the evidence nor evaluate the credibility of witnesses, *id.* at 255, but view the facts and the reasonable inferences flowing from them in the light most favorable to the nonmovant. *McConnell v. McKillip*, 573 F. Supp. 2d 1090, 1097 (S.D. Ind. 2008).

Courts often confront cross-motions for summary judgment because Rules 56(a) and (b) of the Federal Rules of Civil Procedure allow both plaintiffs and defendants to move for such relief. "In such situations, courts must consider each party's motion individually to determine if that party has satisfied the summary judgment standard." *Kohl v. Ass'n of Trial Lawyers of Am.*, 183 F.R.D. 475 (D.Md. 1998). Thus, in determining whether genuine and material factual disputes exist in this case, the Court has considered the parties' respective memoranda and the exhibits attached thereto, and has construed all facts and drawn all reasonable inferences therefrom in the light most

favorable to the respective non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

## II.    Discussion

Title VII actions must be filed "within ninety days after the [agency's] giving of [final decision] notice…." 42 U.S.C. § 2000e-5(f)(1). "The time limit is not flexible, even for *pro se* litigants, and a one-day delay is fatal." *Davis v. Browner*, 113 F. Supp. 2d 1223, 1226 (N.D. Ill. 2000). Here, the EEOC issued its notice of right to sue letter on January 3, 2024. Despite the letter's clear instructions that, if Mr. Ayub desired to file a lawsuit, he was required to do so within 90 days of his receipt of the letter, Mr. Ayub did not file the instant lawsuit until September 19, 2024—260 days after the letter was issued. Although the record does not contain proof of the exact date Mr. Ayub received the notice of right to sue, the letter is directed to the same address Mr. Ayub currently has on file with the Court, and Mr. Ayub does not claim that he failed to receive the letter or that his receipt of the letter was unduly delayed. Accordingly, he has waived any such argument. Because Mr. Ayub has failed to provide any explanation for his failure to file this lawsuit within 90 days of his receipt of the notice of right to sue, Mr. Dewan is entitled to summary judgment on the grounds that this Title VII action was untimely filed.

Moreover, even if this lawsuit had been timely filed, Mr. Ayub's claims nonetheless fail because the only admissible evidence before us establishes that Mr. Dewan was not Mr. Ayub's employer and thus cannot be sued under Title VII. *See Bronson v. Ann & Robert H. Lurie Children's Hosp. of Chicago*, 69 F.4th 437, 448 (7th Cir. 2023) ("Only an employer can be liable under Title VII.") (citation omitted). In

4

support of his motion for summary judgment on this ground, Mr. Dewan testified by affidavit that he never employed Mr. Ayub and submitted payroll records indicating that Mr. Ayub was instead an employee of Dewan, Inc., a company incorporated by Mr. Dewan.

In response, Mr. Ayub presents only his own unsworn assertions that he never signed an employment agreement with Dewan, Inc., that his paychecks were signed by Mr. Dewan (not Dewan, Inc.), and that Mr. Dewan did not object when Mr. Ayub referred to Mr. Dewan as his employer when dealing with customers and vendors. However, Mr. Ayub's unsworn statements are not sufficient at the summary judgment stage to create a genuine issue of material fact. *See Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020) ("Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.") (internal quotation marks and citation omitted). Accordingly, even assuming Mr. Ayub had timely filed this lawsuit, Mr. Dewan would be entitled to summary judgment on this alternative basis.

### III. Conclusion

For the reasons detailed above, Defendant's Motion for Summary Judgment [Dkt. 23] is <u>GRANTED</u> and Plaintiff's Motion for Summary Judgment [Dkt. 22] is <u>DENIED</u>. Plaintiff's Motion for Court Assistance [Dkt. 28] to expedite consideration of his summary judgment motion is <u>DENIED AS MOOT</u>. Final judgment shall enter accordingly.

IT IS SO ORDERED.

Date: 4/30/2025

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AMIR AYUB
8764 Rhone Terrace
Apt. 1C
Indianapolis, IN 46250

W. Russell Sipes
Sipes Law Firm PC
wrs@sipeslawfirm.com